First case of the afternoon, 12-2, 11-9-0-8, 7-2, Olenti of American GFX Dynamica LLC v. Charles Huttinger Ube, our jersey PC, Gary Johnson, and Johnson, Goldberg, and Brown, LTD On behalf of the Appalachians, Mr. Frank J. Grizzoli On behalf of Mr. Charles Huttinger On behalf of Mr. Huttinger, who is a Lissa Ryder On behalf of Gary Johnson, Nancy G. Risher On behalf of Mr. Ube Jersey, Mr. Ube Jersey himself But on behalf of all athletes, Nancy Risher will be presenting today Thank you. Mr. Grizzoli He's a first-year associate. He's winning his first appellate argument today Thank you. The law school professor told me years ago that the law generally tries to do what's right Think about what is the right answer. What should the law be? And that generally is what the law commands, what the law says it is There's something odd about a party that has no rights to property Affecting or depriving a party that does have rights to property with a party that has rights has no say in it whatsoever Can't even raise an issue, can't offer a defense that the party that has no rights has no rights Can't be heard on the issue And that's what plaintiff is suggesting here Plaintiff is saying that even if there's not a proper assignment to the trust in this case Or even if the assignment is void as a matter of law That if the mortgages at issue are not part of the property of the case The mortgage owner has no say, can't even raise the issue about whether it's proper Are they really saying that or is it in fact one of the overarching themes in this case Was the transaction termed void or voidable under the law? Because it is generally true I think as you know That usually a debtor can't assert certain defenses that render assignments invalid Unless they are a party to it or a third party beneficiary Unless it's void then of course it can be challenged at any time So there is a little I think distinction between a void act and a voidable act As to whether or not the debtor has the right to challenge the transaction I don't think that's so novel is it? No I agree with you but that's not their position All I'm suggesting is what they're saying They're saying in their papers it makes no difference And more importantly we can't even be heard on it We can't offer an argument, we have no standing to even mention that argument Well that would be obviously for us to decide But let me ask you an important threshold question that bears on this issue Which state's law in your opinion controls the question Of whether the mortgages were validly conveyed to the trust? New York law got that Okay and that's because of the choice of law provision in the PSA itself correct? Not only because of that but also because it's a New York trust And therefore New York law governs New York trust The issues are whether there was a valid assignment under the PSA And since it's a New York trust New York law would govern the trust What is the authority of a trustee of a New York trust independent of the PSA? It's a New York trust so for those two reasons Now in their papers they don't really offer an explanation of why they feel that Illinois law governs I presume, although I don't want to make their arguments I presume it's because the mortgage issue and the noted issue say that it's governed by Illinois law Right but that should be good parties I think under the agreement it's governed under Illinois law The validity of conveyance is under New York At least as I read it by the PSA agreement and the other principles you cited But let me ask you this Does this case turn on whether or not the conveyance This court determines the conveyance How these other factors may have mitigated Your argument doesn't make any difference You've got no standing at any time Since the food case has been justice to the client And what I am suggesting to the court here Is that in the Moonshine case in 1986 You had somewhat of an analogous situation Where a foreclosure complaint was filed by a corporate officer who couldn't practice law And yet from the onset of those litigation In the litigation there was a local attorney Mr. Smith filed the initial complaint He didn't sign it But he filed it The last question of the three He asked about a difference between an imperfect conveyance And a failed conveyance And then led into the question about whether the location So what I'm suggesting is That yes my complaint has stayed The authority stayed It was admitted pro bach vici In the PSA the trustee did not have the authority To accept the margins into the trust I'm suggesting the limitations in the PSA From the PSA on the trustee Said you could only accept into the trust If it follows the terms of the PSA And you can't do it otherwise But nevertheless they did it Well and so there's a limitation of authority there Then in addition New York law provides That any action of a trustee That is in contravention of the terms creating the trust Such as accepting a mortgage that wasn't permissible Under the trust document under the PSA Is void So in fact whether a dismissal is warranted here When I do something in good perfect conveyance In this situation is a failed conveyance Both for me to be one and the same Having dismissed the same claims That I have a right to file I understand now I don't But again the trustee here Didn't have the authority on two different bases In order to accept the mortgages into the property And as a result it's void So he signed his second complaint And said you were admitted Pro Hoc B.J. After it was pointed out to you That you hadn't complied with the rules For the first complaint How can you argue that there was an oversight? I can simply cite my age And failure to carefully read the document Your Honor when this was brought to my attention I added Mr. Smith's signature lines to it Sent it to him And I agree I neglected to delete that But again there was absolutely no intention To make any misrepresentation to the court And again all I can do is apologize For my inadvertence I didn't do anything intentional And there certainly wasn't any attempt To deceive the court here And in fact I'd suggest That when the amended complaint got filed There was an application filed with it To admit me Pro Hoc B.J. So the documents that were filed Were inconsistent in that respect But I acknowledge my error Again I didn't do it intentionally obviously And I would never take any action To misrepresent anything to any court I've been practicing a long time And I've never done it And I don't intend to do it Now you're asking that the Well let me just ask it this way Aren't you stretching the meaning And really altering the meaning of non-pro-tunk When you argue in your reply brief That there was a clerical error In not having the in-state attorney Actually sign the There was a ratification There This is a summary judgment This is a summary judgment action correct? Correct There was no evidence in the record That that occurred And I believe when I took Ms. Boland's deposition It's a pretty long thick deposition I don't remember every question It was quite a while ago I can't say with certainty Whether that was addressed or not But it didn't happen They would have raised that issue They would have said Hey we've complied with it Well maybe they would have raised the issue But that's not the problem here The record is There's nothing in the record To support that it did happen That's for sure There's no evidence in the record That that happened And I think the reason why Is because it actually didn't happen What about the law We were to conclude The law is an act to be ratified There's case law that says It would be voidable rather than void So taking it further What if it was never ratified Does that mean that it could not be voidable Well In this particular case If it wasn't What would be before the court In other words Assuming that the New York law governs As you're postulating That's It could only That it only is voidable If it's remedied By a subsequent ratification The court would have to Reverse the Decision of the circuit court In this case Because there's no evidence in the record That it was ratified Well here's what I'm saying Maybe this is being too subtle If we conclude New York law has applied the rule That a beneficiary can Quote unquote Can ratify An ultra virus act Let's say it was what you're suggesting There was no authority to do that Well if If you can ratify an act Then it couldn't be a void act Because you can't ratify a void act Correct Well I I'm not Sure what law you're referring to I'm referring to New York law There's a number of cases here that I can But I mean the statute itself Says it's void So what you're suggesting is Is that Is that the New York cases That you're referring to Is doing the exact same thing You're saying couldn't happen Which is to say The statute says it's void But it's ratified Well I'm saying the case law Interpreting And this is unusual Interpreting the statute Interprets it a little bit differently Than what the statute ostensibly says I mean that's not So novel is it I mean it does happen Well Again It wasn't in their paper So I'm not I can't argue those cases Because I haven't I'm not familiar with them So I don't know How to distinguish them Other than to say On logic alone The statute says it's void If the If the case law interpreting it Says that it's ratifiable And therefore not voidable Then I can't get to that issue 100% I apologize Okay But my own view is Is that the statute says it's void And even if It's ratifiable It wouldn't make a difference in this case The court would still have to reverse Now maybe later on They could go back and ratify And do what they want to do And refile And do whatever they need to do In order to fix it And we'd have to reverse why? You'd have to reverse Because it is void as of now It is right now Not something that's part of the trust The mortgages at issue Are not part of the res And the trustee cannot enforce anything That's not part of his That's not part of the trust It's enforcing a mortgage That's outside of its What it controls And until that's changed They don't have a stand So the court would have to That's how it presently sits So if they ratified it and fixed it later And somehow got it in there I don't know That might be a different factual situation That's not for the court I want to address Some of the other questions That you raised And I think I Had a little conversation right here Had on most of them actually But I did want to explain that That even if Illinois law were to govern The outcome would not be different Now, it's not as strong as the statute But nonetheless The outcome would be the same It's for two reasons First, both Illinois law and New York law Enforce trust agreements That limit the authority of a trustee Illinois law What's the reason for that? Well, because Other than it's the plain word Is there a bigger policy issue? Well, yeah Trusts are a creation Of state law Just like a corporation is And there's ultra-various acts Of a corporation and corporate authority Just like there's ultra-various acts of a trust So anytime the state is creating An entity or a power It's going to have the power To determine its scope The breadth of the authority Of the entity that it's creating So Illinois law and New York law And I think probably all other laws Say that we'll permit trust to exist And we will also enforce the right of the settler To determine how broad Or how narrow the scope of the trust ought to be So, for example, in a case decided By the Illinois Supreme Court in 2009 A state offender The court said as follows Under the Trusts and Trustees Act A person establishing a trust May specify in the instruments of the rights, powers, duties Limitations and immunities Applicable to the trustee, beneficiary, and others And those provisions Are not otherwise contrary to law Shall control notwithstanding the act Thus, the legislature intended That the settler of a trust Have the freedom to direct his bounty as he sees fit Even to the point of giving effect to a provision Regarding the rights of beneficiaries That might depart from the standard provisions of the act Unless otherwise contrary to law So, Illinois law and New York law Determines that I didn't state a clear claim Against the Johnson defendants  Thank you, Brian And thank you, panel I very much, again, appreciate the opportunity to be here Good afternoon, Your Honors Counsel My name is Nancy Lesher And I represent the defendants Gary Johnson and Johnson Goldberg And Brown, the accountants I'm also presenting argument on the nullity rule On behalf of all the appellees Counsel, can you explain Doesn't enforcement of this nullity rule Here result in extreme prejudice To the plaintiffs It does not, Your Honor First, as the plaintiff Admits in his opening brief On page three This other claim Concerns the same alleged injury So he may very well Recover for this claimed injury But even if it is harsh That's not a basis for reverse This is an abuse of discretion Standard and the question before this court With all due respect Is not And I know You have all been either on the bench Or in the courtroom But the end of the day Harshness is not a basis For reversal There are always ramifications For missteps in the court For example A notice of appeal is e-filed And the rules say You can't e-file a notice of appeal Well, it's untimely That's harsh But it's the ramification of a misstep Or more akin to this Would be what if there are repeated violations Of discovery rules and orders And the court says Well, I'm going to DWP Or I'm going to default the defendant Yeah, there are ramifications To these missteps But harshness is not the test for reversal The question is whether this trial court Abused its discretion In applying the nullity rule Didn't the Supreme Court say In Applebaum That the rule should be invoked Only where it fulfills Its purposes Does it fulfill its purpose here Where Mr. Frizzoli was Involved in litigation already The judge found that he was competent Does it really fulfill the purpose of the nullity rule I think this Order does fulfill The purpose of the nullity rule When you look at not just the objectives of the rule But also the overall circumstances This judge did consider The factors of The purpose of the nullity rule To protect the public It considered the purpose Which is to protect the integrity of the court And it also said a couple of times And I don't know But I've seen this in other cases But he said, you know, the whole purpose As a final motion for leave to appear Pro hoc vice Is for me to decide if your qualifications suffice And for me to decide If your character and fitness You agree with counsel It's the noble review So we don't necessarily No I do not, your honor I think Applebaum says at page 435 That a court, quote, may Apply the nullity rule I think There have been some courts Which have applied it Blindly, automatically That's not what happened here, your honor And I do think that it's an abuse of discretion The court also considered the circumstances Because it said Look, you knew these laws You knew Illinois law You knew about our rules You knew about Supreme Court rules You've been admitted beforehand You're not a novice The rules are simple to follow And then the court said And your honor, I would suggest That the court actually did make a finding You ignored them It actually made a finding There's no excuse here No acceptable excuse under the circumstances Normally, if I could interrupt Make an observation Normally The nullity rule Applies in situations where There is no lawyer Representing a party And In this instance, there appears to be At least two lawyers that were representing a party One of the lawyers signed the complaint And one of the lawyers Filed it, as I understand it The lawyer that filed it Was the lawyer in the state of Illinois And so It seems rather Innocuous or unusual To apply the nullity rule Which is usually applied When there is no licensed practitioner Involved Mr. Lynch It's a function of where we are It gets there faster and faster Good morning, may it please the court My name is David Lynch And I represent The plaintiff happily In this case As indicated in our briefs We believe that Illinois law Applies To this Transaction and that's under the most Significant contacts Doctrine that Illinois courts Follow Counsel, let me ask you that Not to parse words initially But why would Illinois law Control when you have entered into a Contract that specifically includes A choice of law provision that says New York Controls the issue of whether Or not the advance is valid So why would Illinois' General law trump a contractual Provision Because I think we're dealing with Issues that affect Illinois And obviously an Illinois mortgage Illinois borrower The contacts are Primarily With Illinois Although As your honor will recall We initially asserted that New York Law applied They argued that Illinois law Applied And we accepted that They then changed their position And indicated That New York law applied I don't believe that there is a Significant difference between Illinois and New York Statute in New York on the surface Is pretty broad On the contrary I believe that Statute is part of Chapter 17 Of the consolidated laws Of New York And in the general Provisions it says This is Section 1-1.5 Which deals with the application Of the rest of the statute And it says unless otherwise Stated therein the provisions of this chapter And that's chapter 17 Which includes the provision At issue This chapter I'm sorry the provisions of this chapter Apply to the estates And to instruments making dispositions Or appointments thereof Of persons living on its effective Date or born subsequent Thereto The statute is limited It doesn't apply to Essentially a business Trust as it was set up In this case Is there a section of New York law that applies to a business trust? Not that I know of If you look at the history Of this particular provision It was in A Chapter I think it was The real property Law that was Repealed in 1967 When The provision was put in The estates What do they call it? Don't most Statutory authorities Have certain preambles that say When we talk about people we also mean corporations Is there anything like that? I don't believe there is Your honor So you're saying it was intended to apply to Testamentary Conveyances and things like that Not business transactions Is that your position in general? That is my position And so you're saying that the lawyers Put in a choice of law provision But there is no New York law that's applicable? There is no New York law that says The provision is void I'm not aware That there is a provision Anywhere else in New York law And there's a case Which I can cite to your honors In the matter of Mary Chappell C-H-A-P-P-E-L-L The court there Said New York's estate And the site is 883 New York Supplement Second 857 And I have copies for the court New York's estates Powers and trusts Law generally applies only to those trusts Created by persons living On or before On or born after It's effective date September 1, 1967 So I think that the statute That's correct All right we will go back and forth As opposed for a while I mean you recognize detention Because you have a choice of law provision In the contract Which generally Extensively has to be given some meaning Or what would be the point of ever having one If the site is of the transaction controls But stepping aside Or away from that for a moment Why weren't Were the terms of the PSA complied with In this case Or do you recognize there's a problem with that It could have perhaps been neater But counsel Glosses over And doesn't discuss The fact that it was Dealt with We filed a supplemental Affidavit of Cecilia Boland It was filed on April 11, 2011 As part of the reply In support of our motion for summary judgment And the response to defendant's cross motion For summary judgment And attached to that Supplemental affidavit Is a mortgage loan Purchase agreement Which was between Heller Financial Capital Funding Inc. Which if your honors will recall That is The entity that was Supposed to be selling the loan That would go into the trust That was between Heller Financial Capital Funding Inc. And Morgan Stanley Capital One Inc. As the depositor And in that mortgage loan Purchase agreement There was an appendix 2 Which listed various loans That were going into the trust And among them are Numbers 9 and 10 Are the loans Involved in this case So in fact I believe That the PSA or pooling and servicing agreement Was complied with And that these loans Became part of The trust And in fact for 12 years They were part of the trust That the payments were made By the borrower And only when The borrower went into default And then For some monthly payments And then default If I understand your position Then by implication you're saying We don't even need to get to the position Of whether the conveyance was void or voidable Because your original position is Hey, this was in compliance with the PSA to begin with Yes That's correct Now I ask this question Without Looking exactly at what you were looking at Is it obvious That this transaction Is properly Placed in this trust I believe so By looking at that document You have to read the provisions Of the PSA And it talks about Purchase agreements And you will then If you do look at it You will see that in fact The loans went into the trust properly Okay, so it's not confusing That it's there more than There's more than one transaction going in Or more than one loan going in Yes That's not prohibited in any way by the PSA I don't believe so These pooling and servicing agreements Obviously there are Many loans from many sources That go into these pools And we could all have a philosophical Debate about whether Commercial mortgage-backed securities Are good or bad In fact, this is what was happening At the time The borrower obviously took advantage of it Because he got his loans From This CMBS Counsel, let me ask you another related question And you may be getting into it in a moment But obviously I take it your position Is the defendants don't have standing Yes Why is that? Because they're not parties to the agreement I think it's clear in our Brief They're not a third-party beneficiary The only one who has a right To enforce the contract Is Are parties to the agreement Or one who is a Third-party beneficiary With all due respect to Mr. Ashman When he says That this was Intended to be for their benefit I suggest that is Somewhat ludicrous to suggest That the lender Would Draft An agreement to which Its borrower is not a party And in that agreement that they were trying They're intending to create benefits For the borrower I submit that isn't the case I think it's clear that the provisions For the servicer To Negotiate, etc. were provisions that were put in There for the benefit Of the certificate holders And clearly this We have a borrower-lender Relationship You should be at a higher level You should expect more of an attorney To know these rules than in For example, a layman Because a layman Especially in the case of Downtown disposal I listened to the oral argument It was very interesting The city is arguing a bright line You should apply the nullity rule no matter what Whenever a layman attempts to represent A Corporation Now I will say, I haven't read the briefs I didn't listen to the entire argument But a bright line argument is being made by the city To benefit The borrower, theoretically You could say that the borrower Has third-party beneficiary rights But I don't think the intent That wasn't the intent to benefit the borrower First of all, the provision for this Three months Or we won't talk to you You must be in default for three months Or we won't talk to you That isn't in the pooling and servicing Agreement That was a statement Allegedly made by Somebody that worked for one of the Servicers At the time It was Uncontroverted in the trial court Because that person Is no longer with Bricadia But Certainly We don't believe that that bound The More importantly Within those three months Or pretty close to it The loan matured June 2010 the loan matured and wasn't paid And there's nothing In the Pooling and servicing agreement That would require us to Essentially renew or rewrite Or modify the loan So that's really more what this is about That the loan matured During the course of This trouble And then Even was it before the litigation Was actually filed No The case was filed in mid To late May I believe June 1 So it's within weeks Of the maturity of the law I guess Not the philosophical but the practical question Is why should we negotiate A loan that's now due in full Correct And Certainly there was nothing In the record about discussions or negotiations After maturity And even If there were these discussions Or any discussion with the borrower About extensions or modification Or renegotiation Then you get into the whole Illinois Credit Agreements Act Whether Until you have a writing signed by both parties Containing all the terms etc The borrower cannot Rely on Anything that was said orally But there's no question Whether anything was said Sorry I